UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Gary Ronald Slezak, | ) | C/A No. 4:07-00661-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Stanley Burtt, Warden, of Lieber Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Gary Ronald Slezak is an inmate of the South Carolina Department of Corrections ("SCDC"). Petitioner petitions this court for a writ of habeas corpus under 28 U.S.C. § 2254. The petition was filed on March 2, 2007.[1]

**PROCEDURAL HISTORY**

Petitioner was indicted in April of 1981 by the Charleston County Grand Jury for two counts of murder and one count of armed robbery on the basis of the killing and robbery of two individuals on January 11, 1981. He pleaded guilty on January 15, 1982 and was sentenced on January 18, 1982 to a life sentence for each murder and twenty years for armed robbery. No direct appeal was filed. Between 1982 and 2003, Petitioner filed five post conviction relief actions in state court on various grounds.[2]

Petitioner filed a petition for writ of habeas corpus with this court on December 31, 2003,

---

[1] Pursuant to the "prison mailbox rule", the court has utilized the date of receipt by the prison mail room as the date of filing.

[2] *See* procedural history set forth in *Slezak v. Burt*, Case #4:03-3797, a previous habeas action filed in this court on December 31, 2003 pursuant to 28 U.S.C. § 2254.

1

alleging various grounds of ineffective assistance of counsel regarding his guilty plea, and denial of due process relating to lack of the trial court's subject matter jurisdiction. He filed an amended petition alleging that the parole board's decision to deny parole was not supported by the evidence and that the denial of parole violated his right against the ex post facto application of penal laws, deprived him of due process and violated the separation of powers clause of the federal and state constitutions. Petitioner subsequently withdrew his grounds on the basis of denial of parole. This Court adopted the Report and Recommendation of the Magistrate Judge and granted the respondents' motion for summary judgment.

Petitioner's initial parole hearing occurred on October 4, 2000, when he was rejected for parole. He was again rejected for parole on November 27, 2001; January 8, 2003; April 30, 2004; February 23, 2005; February 15, 2006; and February 7, 2007. This action, filed March 2, 2007, concerns Petitioner's denial of parole on February 7, 2007.[3] In this denial, the Department of Probation, Parole and Pardon Services rejected the petitioner's request for parole on the basis of "Nature and Seriousness of Current Offense, Indication of Violence in this or Previous Offense, Use of Deadly Weapons in this or Previous Offense, and Prior Criminal Record Indicates Poor Community Adjustment." (Docket Entry #5-2).

The Magistrate Judge entered a Report and Recommendation on April 30, 2007, recommending that the case be dismissed as a successive petition. Petitioner filed objections to the Report in which he stated that "the current application is not successive because his claims for relief stem from his most recent February 7, 2007 parole review denial, which he claims violates the due process clause, ex post facto clause, separation of powers clause, and contract clause of the United States Constitution." (Objections, p. 3). This Court entered an order on May 31, 2007 recommitting the case to the

---

[3] The remaining grounds of the petition are dismissed as successive.

Magistrate Judge for further review in light of the objections.

The Magistrate Judge issued a report and recommendation on April 3, 2008, recommending that the respondents' motion for summary judgment be granted and that the petition for habeas corpus be dismissed with prejudice. On April 17, 2008, the petitioner filed objections to the Report. He filed additional objections on April 21, 2008 and additional supporting case law on May 21, 2008.

## Scope of Review

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 this matter comes before the court with the Report and Recommendation ("R&R") of United States Magistrate Judge Thomas E. Rogers, III, filed April 3, 2008. The Magistrate Judge makes only a recommendation to the Court, to which any party may file written objections. The Court is not bound by the recommendation of the Magistrate Judge but, instead, retains responsibility for the final determination. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is required to make a *de novo* determination of those portions of the Report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal habeas court must determine whether the state court's decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." or "resulted in a decision that was based on an unreasonable determination of the facts in light

of the evidence presented in the State court proceeding."28 U.S.C. § 2254(d)(1).

## Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987).

The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369

A party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy,* 769 F.2d 213, 214 (4th Cir. 1985). Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. National Ass'n of Bus. & Educ. Radio, Inc.,* 53 F.3d 55, 62 (4th Cir. 1995).

## Objections

In the case at bar, the petitioner asserts in his objections that his fifth ground for relief is "an ineffective assistance of counsel claim based on his trial counsel's failure to file a notice of appeal in his case." In addition, he contends, as to grounds one through four, that the additional parole criteria used by the Parole Board constituted an unconstitutional *ex post facto* law and a denial of due process and equal protection and separation of powers. He also contends that he should have received his first parole hearing earlier due to his work credits in spite of the amendment to S.C. Code Ann. § 16-3-20

after his incarceration. Finally, he contends that his access to courts was denied on the basis of an order from the South Carolina Court of Appeals dismissing an appeal as untimely.

**Petitioner's Objections regarding Grounds One through Four.** Petitioner asserts in Grounds One through Four of the petition that the Parole Board's February, 2007 denial of parole violated the ex post facto and due process clauses of the United States Constitution, denied him equal protection of the laws, and violated the separation of powers clause. He also contends that the denial of work credits in connection with the denial of parole violated his plea agreement and the ex post facto, due process, and separation of powers clauses.

This Court finds that the issues relating to work credits as they pertain to Petitioner's parole application were moot and that such a finding by the State Court was not contrary to or involving an unreasonable application of clearly established federal law.

Petitioner also contends in his objections that the Magistrate Judge misunderstood his ex post facto argument relating to the amendment to S.C. Code Ann. § 24-21-640. Petitioner states that the offense and the indictment occurred in January and April of 1981, respectively, and he was sentenced on January 18, 1982. Code Section 24-21-640 was amended on June 15, 1981. The amendment, in addition to making the changes to the statute referred to by the Magistrate Judge, also added the following: "The Board shall establish written, specific criteria for the granting of parole and provisional parole. Such criteria shall be made available to all prisoners at the time of their incarceration and the general public."[4] Petitioner argues that, before the 1981 amendment, the commission did not have authority to write criteria for the granting or denial of parole. He contends that the amended statute and

---

[4] The statute was further amended in 1986 and 1990 to add, *inter alia*, that "This criteria must reflect all of the aspects of this section and include a review of a prisoner's disciplinary and other records."

5

the new criteria violate the *Ex Post facto* Clause as applied to him.

Article I, § 10 of the United States Constitution prohibits States from enacting *ex post facto* laws. "One function of the *ex post facto* clause is to bar enactments which, by retroactive operation, increase the punishment for a crime after its commission." *Garner v. Jones*, 529 U.S. 244, 249 (2000). In *Garner*, the court cited *California Dept. of Corrections v. Morales*, 514 U.S. 499 (1995) in "emphasizing that not every retroactive procedural change creating a risk of affecting an inmate's terms of conditions of confinement is prohibited." *Id*. at 250. "The controlling inquiry, we determined, was whether retroactive application of the change in California law created 'a sufficient risk of increasing the measure of punishment attached to the covered crimes." *Id*., citing *Morales* at 509. The court recognized that flexibility is needed for the states in dealing with parole procedures, but the *Ex Post Facto* clause guards against the danger that legislatures might "disfavor certain persons after the fact." *Id*. However, the court notes:

> On the other hand, to the extent there inheres in *ex post facto* doctrine some idea of actual or constructive notice to the criminal before commission of the offense of the penalty for the transgression . . . we can say with some assurance that where parole is concerned discretion, by its very definition, is subject to changes in the manner in which it is informed and then exercised. The idea of discretion is that it has the capacity, and the obligation, to change and adapt based on experience. New insights into the accuracy of predictions about the offense and the risk to recidivism consequent upon the offender's release, along with a complex of other factors, will inform parole decisions.

*Id*. at 253.

The court agrees with the Magistrate Judge that the application of the amended statute with the additional criteria established by the Board does not violate the Ex Post Facto Clause.[5] The statute did

---

[5] In a somewhat similar case, the South Carolina Supreme Court in *Cooper v. South Carolina Dep't of Probation, Parole, and Pardon Services*, 377 S.C. 489, 661 S.E.2d 106, 113 (2008) found no violation of the *Ex Post Facto* Clause. In *Cooper*, the plaintiff argued that, in creating the detailed factors pursuant to Section 24-21-640, after he had committed certain offenses, an *ex post facto*

6

not change the crime with which the petitioner was being charged or the punishment for the crime. It merely gives the parole commission authority to formulate criteria for parole eligibility and such criteria "must reflect all of the aspects of this section." The requirement that the Commission formulate criteria accordingly did not change the criteria being used by the Board but required that they be specifically set forth.  The decision whether to grant a prisoner parole was, both before and after the amendment of the statute, discretionary based upon consideration of many factors.  Unlike *Plyler v. Moore*, 129 F.3d 728 (4th Cir. 1997), cited by the petitioner, the amendment to the parole statute does not abridge any right of the petitioner to mandatory release.[6]

**Objections regarding Ground Five**.  Petitioner alleges in his objections that his fifth ground is an ineffective assistance of counsel claim based upon his trial counsel's failure to file an appeal. It appears that the petitioner is attempting to add a new ground to his petition at this time.  Such is not allowed. His original Ground Five was based on denial of access to courts. He alleged that he was prevented from filing habeas petitions, inmate grievances, and civil rights claims because of "unlawful government interference with Petitioner's access to an adequate law library and adequate access to the law library."  The petitioner's claim regarding ineffective assistance of counsel in failing to file an

---

violation had occurred. The court found that the definition of the crime charged had not been changed and that the punishment for the crime was not increased and that there was no *ex post facto* violation. The court did hold that the Parole Board's failure to consider all of the factors was arbitrary under the due process clause. The petitioner in the case at bar has not alleged that the Parole Board failed to consider all of the factors but rather that the law was *ex post facto* and that certain alleged procedural errors occurred at the hearing, as enumerated in the Report.

[6] Under the previous version of S.C. Code Ann. § 24-13-720, at issue in *Plyler*, inmates would have been entitled to release on furlough six months before the expiration of their sentences. Under the statute as amended, prisoners who did not satisfy certain additional requirements would be required to serve the last six months of their sentences in prison. The court held that the retroactive application of the amendment to prisoners serving sentences of less than life for crimes committed between the enactment of the statute in 1983 and its amendment in 1993 violated the ex post facto clause.

appeal is not properly before the Court.

Petitioner also contends in his objections regarding his "access to courts" claim that he was prevented from timely filing an appeal from an order of the ALC as shown by the order of the South Carolina Court of Appeals dated March of 2008, dismissing an appeal as untimely and indicating that the court received the notice of appeal from a 2006 ALC order on February 5, 2008. Again, the petitioner is attempting to assert new arguments after the motion for summary judgment was filed. The court will not consider this argument.

The Court has reviewed the petitioner's other objections and finds them to be without merit for the reasons given by the Magistrate Judge and argued by the respondents.

The court has reviewed the Report, objections, pleadings, memoranda, and applicable law. The court overrules all objections, adopts the Report and Recommendation, and incorporates it herein by reference. Accordingly, respondents' motion for summary judgment is **GRANTED** and the petition is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

s/R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

September 15, 2008  
Florence, South Carolina

8