UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| GARY RONALD SLEZAK, | Civil Action No.: 4:07-cv-661-RBH |
| Petitioner, | |
| v. | **ORDER** |
| STANLEY BURTT, Warden of Lieber Correctional Institution, | |
| Respondent. | |

Pending before the court are: 1) Petitioner's [Docket Entry #68] motion for reconsideration; and 2) Petitioner's [Docket Entry #69] motion to amend his petition for writ of habeas corpus. In a previous Order dated September 15, 2008, this court granted the Respondent's motion for summary judgment and dismissed this case with prejudice. *See* [Order, Docket Entry #65]. Petitioner now seeks reconsideration of that Order and/or leave to amend his habeas petition in light of *Cooper v. South Carolina Dep't of Prob., Parole, and Pardon Servs.*, 661 S.E.2d 106, 113 (S.C. 2008).

Petitioner argues that the court should reconsider its Order granting summary judgment and allow him to amend his original habeas petition to include a due process claim similar to that raised in *Cooper v. South Carolina Dep't of Prob., Parole, and Pardon Servs.*, 661 S.E.2d 106, 113 (S.C. 2008). Specifically, Petitioner wishes to amend his petition to allege that the Parole Board's decision to deny his parole request was a violation of the due process clause in that the Parole Board failed to consider all of the required factors in determining whether to grant or deny parole. Petitioner also challenges this court's finding that certain grounds raised in this habeas proceeding were properly dismissed as successive.

Motions to reconsider under Rule 59 are not to be made lightly: "[R]econsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 59.30[4] (3d ed.). The Fourth Circuit has held such a motion should be granted for only three reasons: (1) to follow an intervening *change in controlling* law; (2) on account of *new* evidence; or (3) "*to correct* a *clear error of law* or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (emphasis added). Rule 59 motions "may not be used to make arguments that *could have been made before the judgment was entered*." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002) (emphasis added). Nor are they opportunities to rehash issues already ruled upon because a litigant is displeased with the result. *See Tran v. Tran*, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001).

With regard to Petitioner's arguments concerning *Cooper v. South Carolina Dep't of Prob., Parole, and Pardon Servs.*, 661 S.E.2d 106, 113 (S.C. 2008), Petitioner's motions for reconsideration and/or to amend his habeas petition are nothing more than attempts to file a second or successive petition without first obtaining pre-filing authorization from the Fourth Circuit Court of Appeals. Pursuant to 28 U.S.C. § 2244(b)(3), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." When a Petitioner seeks to raise new claims or present new evidence in a motion for relief from the judgment, a motion for rehearing, or a similar request for reconsideration, the court may treat such as a successive petition. *See Calderon v. Thompson*, 523 U.S. 538, 553-54 (1998); *Evans v. Smith*, 220 F.3d 306, 325 (4th Cir. 2000). By his own

2

admission, Petitioner attempts to raise arguments or claims that were not raised in his initial habeas corpus petition.[1] As required by § 2244(b)(3), Petitioner must obtain pre-filing authorization in the Fourth Circuit Court of Appeals before he can file a second or successive habeas petition alleging that his due process rights were violated by the Parole Board's alleged failure to consider all of the required factors in determining whether to grant or deny parole.

With regard to Petitioner's argument that this court improperly dismissed as successive certain grounds raised in this habeas proceeding, Petitioner has failed to set forth an adequate basis for relief under Rule 59.

Petitioner's motion to amend his habeas petition is denied as untimely and prejudicial. Petitioner's motion to amend was filed after summary judgment was granted and his petition dismissed with prejudice. Leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile. *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999). To permit Petitioner to amend his pleadings at this late date to add an additional claim or argument after the case has been decided on the merits would subject Respondent to undue prejudice.

In conclusion, Petitioner's [Docket Entry #68] motion for reconsideration is **DENIED**; and Petitioner's [Docket Entry #69] motion to amend his petition for writ of habeas corpus is also **DENIED**.

---

[1] Although Petitioner contends that he could not have raised a *Cooper* due process claim at the time he filed his petition because he was unaware that such a claim existed, the fact that a claim was unavailable at the time of filing does not exempt the claim from the pre-filing authorization requirement; instead, the unavailability of the claim may establish a basis for authorizing a successive petition. *See Evans*, 220 F.3d at 323.

3

**IT IS SO ORDERED**.

Florence, South Carolina  s/ R. Bryan Harwell
September 29, 2009  R. Bryan Harwell
  United States District Judge