IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Gary Ronald Slezak, SCDC #109201, ) | Civil Action No.: 4:07-cv-00661-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Stanley Burt, Warden of Lieber ) | |
| Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Pending before the Court are Petitioner's Motion for a Certificate of Appealability [Docket #81] and Motion to Reopen the Time for Appeal [Docket #84].

**Procedural History**

On March 2, 2007, the Petitioner petitioned this Court for a writ of habeas corpus under 28 U.S.C. § 2254. On September 15, 2008, the Court dismissed this action with prejudice. Approximately ten days later, Petitioner filed a Motion for Reconsideration [Docket #68] and a Motion to Amend or Supplement his Petition [Docket #69]. The Court denied both motions by Order dated September 29, 2009 [Docket #76].

The Clerk's docket sheet is not entirely clear as to whether the September 29, 2009, Order was mailed to Petitioner the same day, or whether it was not mailed until November 17, 2009.[1] Nonetheless, the Petitioner admits that he received notice of the Order on November 20, 2009.[2] He

---

[1] According to the Clerk's docket sheet, the mailing of the Order "was entered on 11/17/2009 at 12:58 PM EST and filed on 9/29/2009." Specifically, Docket Entry #77, which was filed 9/29/2009, states: "DOCUMENT MAILED: 76 Order placed in U.S. Mail to Gary Ronald Slezak, Lieber Correctional Institution, PO Box 205, Ridgeville, SC, 29472 (dsto,) (Entered 11/17/2009)." Despite any confusion, the Court has subsequently confirmed with the Clerk's office that the Order was mailed to the Petitioner on the "filing" date of 9/29/2009. The "entered" date is simply the date the Clerk's office entered the information on E.C.F. It is unclear why there was a delay in entering this information by the Clerk's office.

[2] Petitioner's Motion for a Certificate of Appealability, p.1.

subsequently mailed his Notice of Appeal [Docket #78] and Motion for a Certificate of Appealability on December 15, 2009, which was approximately twenty-five (25) days after the day on which he admits receiving notice of the Order. On December 22, 2009, the Respondent filed a response [Docket #82], noting that the Petitioner's Motion for a Certificate of Appealability was moot because the appeal was untimely, and no motion to remedy that situation had been timely filed.

In an apparent effort to remedy the fact that his appeal was untimely, the Petitioner filed a Motion to Reopen the Time for Appeal on January 6, 2010. This date is **forty-seven (47) days** after he admits that he received notice of the filing of the September 29, 2009 Order. The Respondent opposes this motion, and this issue is ripe for review.

## Discussion

*Motion to Reopen the Time for Appeal*

This Court first addresses whether the Petitioner's Motion to Reopen the Time for Appeal is timely. As indicated above, it was arguably not clear whether the September 29, 2009, Order was mailed on the date of its filing or whether the mailing did not occur until November 17, 2009. However, this ambiguity in the record is immaterial because the Petitioner did not file his Motion to Reopen the Time for Appeal within fourteen (14) days after receiving notice of the entry of the September 29, 2009, Order.

Rule 4(a)(6) of the Federal Rules of Appellate Procedure states that:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (**A**) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (**B**) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party

receives notice under Federal Rule of Civil Procedure 77(d) of the entry, <u>whichever is earlier</u>, and

(**C**) the court finds that no party would be prejudiced.

Assuming, *arguendo*, that the Order was not mailed until November 17, 2009, then subpart (A) has been satisfied in this matter. However, subpart (B) has not been complied with and, therefore, Petitioner's Motion to Reopen the Time for Appeal is untimely.

The Petitioner asserts that he received notice of the entry of the Order on November 20, 2009. [Docket #81, p.1]. Even assuming that this assertion is correct, under Fed. R. App. P. 4(a)(6), the Petitioner was required to file his Motion to Reopen the Time for Appeal by December 4, 2009.[3] However, the Petitioner filed his Motion on January 6, 2010, which is **forty-seven (47) days** after he admits receiving notice of the entry of the Order. Because the Petitioner did not file his Motion within fourteen (14) days of receiving notice of the entry of this Court's Order, his motion is untimely and, therefore, denied.

*Motion for a Certificate of Appealability*

This Court next addresses the Petitioner's Motion for a Certificate of Appealability. Under Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2107(a), notice of appeal in a habeas case must be filed within thirty (30) days after entry of the judgment or order from which the appeal is taken, unless the district court extends or reopens the appeal period pursuant to Fed. R. App. P. 4(a)(6). The Supreme Court has held that "the timely filing of a notice of appeal in a civil case is a jurisdictional requirement," and the courts have "no authority to create equitable exceptions to jurisdictional requirements." <u>Bowles v. Russell</u>, 551 U.S. 205, 214 (2007).

In the instant matter, the entry of judgment or order from which the Petitioner attempts to appeal was filed on September 29, 2009. As such, the Petitioner was required to file any notice

---

[3]This date is fourteen (14) days after the Petitioner admits receiving notice of the entry of the Order.

of appeal by October 29, 2009, unless he timely filed and was granted an extension or a Motion to Reopen the Time for Appeal. As discussed above, the Petitioner's Motion to Reopen the Time for Appeal is untimely and, therefore, denied. Further, the Petitioner did not mail his Notice of Appeal and Motion for a Certificate of Appealability until December 15, 2009, approximately 45 days late. Although the Petitioner claims he did not receive notice of this Court's September 29, 2009, Order until November 20, 2009, he did not move to reopen or for an extension of time to appeal within fourteen days of his receipt of the Order. See Fed. R. App. P. 4(a)(6)(A). Because the Petitioner failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, this Court denies his Motion for a Certificate of Appealability as moot. See Bannister v. Catoe, 18 Fed. Appx. 163, 164 (4th Cir. 2001). Alternatively, this Court denies the Petitioner's Motion for a Certificate of Appealability because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006).

## Conclusion

Based on the foregoing, it is

**ORDERED** that the Petitioner's Motion to Reopen the Time for Appeal [Docket #84] is **DENIED. IT IS FURTHER ORDERED** that the Petitioner's Motion for a Certificate of Appealability [Docket #81] is **DENIED** as moot and/or because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right."

**IT IS SO ORDERED.**

                                                  s/ R. Bryan Harwell
                                                  R. Bryan Harwell
                                                  United States District Judge

Florence, South Carolina
February 16, 2010